# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| MARK BURNS a/k/a <br> JOHN MARCUS BURNS a/k/a <br> JOHN MARK BURNS, <br><br> Petitioner, <br><br> v. <br><br> MIKE PARRIS, et al., <br><br> Respondents. | Case No. 1:16-cv-01002-JDB-egb |

## ORDER TO MODIFY THE DOCKET,
## DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND
## DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Mark Burns a/k/a John Marcus Burns a/k/a John Mark Burns, Tennessee Department of Correction ("TDOC") prisoner number 358330, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. (§ 2241 Pet., *Burns v. Parris*, No. 1:16-cv-01002-JDB-egb (W.D. Tenn.), ECF No. 1.)[1] For the reasons stated below, the Court DENIES the § 2241 Petition.

---

[1] The Clerk is directed to modify the docket to reflect Petitioner's two aliases, which were obtained from the first page of the § 2241 Petition and from the TDOC's Felony Offender Information. *See* https://www.apps.tn.gov/foil/.

**I.     BACKGROUND**

    **A.     Criminal Case Number 11-10007**

On February 16, 2011, a criminal information was filed in this district charging that, at a time unknown and continuing through at least on or about November 5, 2008, Burns conspired to possess with the intent to distribute, and did distribute, over one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Information, *United States v. Burns*, No. 1:11-cr-10007-JDB (W.D. Tenn.), ECF No. 1 (sealed).) On February 22, 2011, Burns appeared before this judge to waive his right to an indictment and plead guilty to the information. (Waiver of an Indictment, *id.*, ECF No. 5; Min. Entry, *id.*, ECF No. 7; Plea Agreement, *id.*, ECF No. 8; Guilty Plea Hr'g Tr., *id.*, ECF No. 13.) The Plea Agreement provided, in pertinent part, as follows:

> 6.     That pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, the Government and the Defendant will jointly recommend a sentence of one-hundred twenty (120) months. The Defendant understands that the Court may accept or reject the terms of this Plea Agreement, and may postpone its decision until the Court has had the opportunity to review a pre-sentence investigation report. The Defendant further understands that, if the Court rejects the terms of this Plea Agreement, he will be given the opportunity to withdraw his plea of guilty.
>
> 7.     The defendant is aware that 18 U.S.C. § 3742 affords him/her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

8. The defendant agrees to waive his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Plea Agreement ¶¶ 6-8, *id.*, ECF No. 8.) At the change of plea hearing, a Tennessee Assistant Attorney General represented that, if the Plea Agreement was accepted, the State of Tennessee would dismiss two criminal cases that were pending against Burns, Case Numbers 09CR46 and 10cr145. (Guilty Plea Hr'g Tr. 18, 19-20, *id.*, ECF No. 13.)[2] The parties also agreed that Burns's sister, Janet Burns Suratt, would not be prosecuted in state or federal court for her role in the drug conspiracy. (Guilty Plea Hr'g Tr. 18-19, *United States v. Burns*, No. 1:11-cr-10007-JDB (W.D. Tenn.), ECF No. 13.)

At a hearing on September 14, 2011, the Court sentenced Burns to the negotiated term of imprisonment of one hundred twenty months. Specifically, the Court ordered that eighty-three months of that sentence be served consecutively to a sentence imposed in the Circuit Court for Carroll County, Tennessee, Case Number 09cr7, for Aggravated Statutory Rape, and thirty-seven months to be served concurrently with the Carroll County sentence. (Min. Entry, *id.*, ECF No. 27; PSR ¶¶ 21, 59.)[3] Judgment was entered on September 15, 2011. (J. in a Criminal Case, *United*

---

[2] The pending charges were for Aggravated Rape and Coercion of a Witness. (Presentence Report ("PSR") ¶¶ 67, 68.)

[3] The 2008 edition of the *Guidelines Manual* was used to calculate Burns's sentence. (PSR ¶ 28.) Pursuant to § 2D1.1(c)(7) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for a drug offense involving 100 kilograms of marijuana is 26. U.S.S.G. § 2D1.1(e) provides that, if "the defendant committed, or attempted to commit, a sexual offense against another individual by distributing, with or without that individual's knowledge, a controlled substance to that individual, an adjustment under § 3A1.1(b)(1) shall apply." Because Burns gave his juvenile victim narcotics before and after she had sex with him (PSR ¶ 21), the PSR assessed a two-level enhancement for a vulnerable victim. U.S.S.G. § 3A1.1(b)(1). After a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, Burns's total offense level was 25. Given his criminal history category of IV, the advisory guideline sentencing range was 84-

*States v. Burns*, No. 1:11-cr-10007-JDB (W.D. Tenn.), ECF No. 28 (sealed).) Burns did not appeal, having waived the right to do so. He also did not file a motion pursuant to 28 U.S.C. § 2255.

**B.     Case Number 16-1002**

On January 5, 2016, Burns filed his *pro se* § 2241 Petition and paid the habeas filing fee. (§ 2241 Pet., *Burns v. Parris,* No. 1:16-cv-01002-JDB-egb (W.D. Tenn.), ECF No. 1; Case initiation fee, *id.*, ECF No. 4.) The Clerk shall record the respondents as NWCX Warden Mike Parris and United States Attorney General Loretta Lynch.[4]

In his § 2241 Petition, Petitioner argues that his federal sentence was unlawfully run partially consecutively to his state sentence for Aggravated Statutory Rape. (§ 2241 Pet. at PageID 10, *id.*, ECF No. 1.) He cites U.S.S.G. § 5G1.3, which provides, in pertinent part, as follows:

> (b)    If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1)    the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2)    the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c)    (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

---

105 months.

[4] Lynch is a necessary party because Burns is challenging his federal sentence.

Burns contends that, because the PSR recommended that his sentence be enhanced for providing drugs to the statutory rape victim, his federal sentence must run concurrently to the state sentence for Aggravated Statutory Rape. He seeks an order correcting his federal judgment. (§ 2241 Pet. at PageID 8, *Burns v. Parris*, No. 1:16-cv-01002-JDB-egb (W.D. Tenn.), ECF No. 1.)

## II.  THE LEGAL STANDARD

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). A habeas petitioner has the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." *Id.*

5

(citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Court of Appeals has not permitted prisoners to use the savings clause to attack their sentences. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin*."); *Peterman*, 249 F.3d at 461-62 (challenges that a sentence is not supported by adequate factual findings do not fall within the "savings clause"); *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies to his first claim because the Supreme

Court narrowed the definition of what constitutes a violent felony for purposes of determining armed career criminal status in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). Under this new law, he argues, he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241.").

## III. ANALYSIS OF PETITIONER'S CLAIM

Although the § 2241 Petition asserts that Burns is challenging the execution of his sentence (§ 2241 Pet. at PageID 2, 10, *Burns v. Parris*, No. 1:16-cv-01002-JDB-egb (W.D. Tenn.), ECF No. 1), there is no allegation that his sentence is not being executed in the manner imposed. That is made clear by Petitioner's framing of his issue, that "[t]he sentence imposed by the court is illegal and contrary to the Federal Sentencing Guidelines" (*id.* at PageID 6) and by the relief sought, a modification of the judgment (*id.* at PageID 8). Burns cannot challenge his sentence in a § 2241 petition.

The proper time to question a district court's application of the sentencing guidelines is on direct appeal.[5] Although Burns could have obtained review of the sentencing issue under § 2255

---

[5] Errors in the application of the sentencing guidelines are not cognizable in a § 2255 motion because the issues are properly raised on direct appeal. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also United States v. Lankford*, Nos. 99-5870, 99-6075, 2000 WL 1175592, at *1 (6th Cir. Aug. 9, 2000) ("Technical violations of the federal sentencing guidelines will not warrant [§ 2255] relief."); *United States v. Norfleet*, No. 98-1311, 1999 WL 1281718, at *5 (6th Cir. Dec. 28, 1999) ("Normally, Norfleet could not obtain collateral review of sentencing guidelines errors."); *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998)

by alleging ineffective assistance of counsel, he failed to do so.

The inmate may counter that he could not take a direct appeal because the plea agreement barred him from doing so. *See supra* p. 2-3. The appeal-waiver provision in the plea agreement does not provide good cause to excuse Burns's procedural default. The Sixth Circuit has held that an appeal waiver provision in a plea agreement bars review in a § 2255 motion or § 2241 petition of issues required to be raised on direct appeal. *Rivera v. Warden, FCI Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Burns also has not claimed, and cannot claim, that he is actually innocent of the drug trafficking crime for which he has been convicted. He received the ten-year sentence that was negotiated in the plea agreement. Petitioner's complaint that the Court reached that determination by making the federal sentence run partially consecutively to the state term for Aggravated Statutory Rape cannot be litigated in a § 2241 Petition.

Because the inmate is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondents to show cause need not issue. The § 2241 Petition is DISMISSED and judgment shall be entered for Respondents.

## IV.        APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to

---

("Relief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal.").

get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[6]

IT IS SO ORDERED this 30th day of June, 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

9